UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA SMITH,

    Plaintiff,

v.

CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY,

    Defendant.

Case No.: 4:18-cv-12505

## PLAINTIFF'S COMPLAINT

Plaintiff, DEANNA SMITH ("Plaintiff"), by and through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. § 227, et seq. ("TCPA").

2. Count II of Plaintiff's Complaint is based on the Michigan Home Solicitation Sales Act, Mich. Comp. Law § 445.111, et seq. ("MHSSA").

### JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 1367.

4. This court has federal question jurisdiction because this case arises out of violations of federal law.  47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs.,*

*LLC*, 132 S. Ct. 740 (2012).

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claim alleged herein.

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of St. Clair Shores, Macomb County, State of Michigan.

8. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

10. Plaintiff is, and at all times mentioned herein, a "consumer" as that terms is used by the MHSSA.

11. Defendant is, and at all times mentioned herein, a "telephone solicitor" as defined by the MHSSA.

12. Defendant is a New Jersey business corporation based in the Township of Edison, Middlesex County, State of New Jersey.

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. Within four (4) years of Plaintiff filing this Complaint, in or around June 2018, Defendant began calling Plaintiff's cellular telephone at xxx-xxx-1333, which included or introduced an advertisement or constituted telemarketing.

15. Within four (4) years of Plaintiff filing this Complaint, in or around June 2018, Defendant called Plaintiff's cellular telephone from several telephone numbers, including 732-374-3399, which is one of the Defendant's telephone numbers.

16. Defendant's calls to Plaintiff are "telephone solicitations" as that term is defined by the MHSSA.

17. During the month of June 2018, Plaintiff answered at least one call placed by Defendant to Plaintiff.

18. During the aforementioned call, Plaintiff told Defendant to stop calling her.

19. During the month of June 2018, Plaintiff also sent an email to Defendant requesting that Defendant stop calling her.

20. Despite Plaintiff's requests that Defendant stop calling Plaintiff on her cellular telephone, Defendant continued to call Plaintiff's cellular telephone.

21. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

22. None of the calls Defendant made to Plaintiff were for an emergency purpose.

23. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

24. During at least one conversation, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

25. Plaintiff has never given to Defendant prior express written consent to contact Plaintiff as described herein.

26. Even if Plaintiff provided Defendant with his cellular telephone number, Defendant failed to provide Plaintiff with clear and conspicuous disclosure that Defendant would contact Plaintiff with an automatic telephone dialing system ("ATDS") and/or an automatic dialing and announcing device ("ADAD").

27. Defendant has never obtained prior express written consent from Plaintiff to contact Plaintiff as described herein.

28. Even if at one point Defendant had prior express written consent to call Plaintiff's cellular telephone, Plaintiff revoked this consent as described above.

29. Defendant continued to call Plaintiff's cellular telephone after Defendant

knew Plaintiff wanted the calls to stop.

30. Within four (4) years of Plaintiff filing this Complaint, Defendant used an ATDS and/or an ADAD to call Plaintiff's cellular telephone.

31. When Plaintiff answered Defendant's calls, she was sometimes greeted with "dead air" whereby no person was on the other end of the line. After several seconds, an agent was connected to the automated call then greeted Plaintiff and sought to speak with Plaintiff attempting to solicit the sale of a home warranty.

32. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

33. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

34. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

35. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

36. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

37. The telephone dialer system Defendant used to call Plaintiff's cellular

telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

38. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple recipients.

39. The dead air that the Plaintiff may have experienced on the calls that she received is indicative of the use of an ATDS or an ADAD. This "dead air" is commonplace with autodialing and/or predictive dialing equipment. It indicates and evidences that the algorithm(s) being used by Defendant's autodialing equipment to predict when the live human agents are available for the next call has not been perfected and/or has not been recently refreshed or updated. Thus, resulting in the autodialer placing a call several seconds prior to the human agent's ability to end the current call he or she is on and be ready to accept the new connected call that the autodialer placed, without human intervention, to Plaintiff. The dead air is essentially the autodialer holding the calls it placed to Plaintiff until the next available human agent is ready to accept them. Should the calls at issue been manually dialed by a live human being, there would be no such dead air as the person dialing Plaintiff's cellular telephone would have been on the other end of the call the entire time and Plaintiff would have been immediately greeted by said person.

40. As a result of Defendant's alleged violations of law by placing these

automated calls to Plaintiff's cellular telephone without prior express written consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

a. Invading Plaintiff's privacy;
b. Electronically intruding upon Plaintiff's seclusion;
c. Intrusion into Plaintiff's use and enjoyment of her cellular telephone;
d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of her cellular telephone; and
e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## COUNT I:
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

41. Defendant's conduct violated the TCPA by:

   a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, DEANNA SMITH, respectfully requests judgment be entered against Defendant, CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY for the following:

42. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

43. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

44. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

45. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED THE MICHIGAN
## HOME SOLICITATION SALES ACT

46. Defendant's conduct violated the MHSSA by:

    a. Making telephone solicitations to a consumer in this state who has requested that he or she not receive calls from the organization or other person on whose behalf the telephone solicitation is made. Mich. Comp. Law § 445.111c(1)(g).

WHEREFORE, Plaintiff, DEANNA SMITH, respectfully requests judgment be entered against Defendant, CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY for the following:

47. As a result of Defendant's violations of Mich. Comp. Law § 445.111c(1)(g), Plaintiff is entitled to and requests actual damages or $250 in statutory damages, whichever is more, for each and every violation, pursuant to Mich.

Comp. Law § 445.111c(3).

48. As a result of Defendant's violations of Mich. Comp. Law § 445.111c(1)(g), Plaintiff is entitled to and requests recovery of reasonable attorney fees, pursuant to Mich. Comp. Law § 445.111c(3).

49. Any other relief that this Honorable Court deems appropriate.

DATED:  August 13, 2018

>Respectfully submitted,
>AGRUSS LAW FIRM, LLC
>
>By: /s/ Michael Agruss
>Michael Agruss, ARDC No. 6281600
>4809 N. Ravenswood Avenue, Suite 419
>Chicago, IL 60640
>312-224-4695 – office
>312-253-4451 – facsimile
>michael@agrusslawfirm.com
>Attorneys for Plaintiff